UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL A. DEMUTH,

                        Plaintiff,

   -against-                                        9:18-CV-0789 (LEK/TWD)

ERNEST CUTTING, *et al.*,

                        Defendant.

## DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Michael A. Demuth has sued various employees of Chenango County Correctional Facility ("Chenango County C. F.") and the county itself under 28 U.S.C. § 1983 for prohibiting Plaintiff from wearing his wedding band while confined at Chenango County C. F in violation of the Fourteenth Amendment's Equal Protection Clause. Dkt. No. 1 ("Complaint"). The parties have proceeded through discovery and Chenango County Sheriff Ernest Cutting, Jail Administrator Chris Miles, Sr., Sergeant Sickmond, Corporal Haynes, and Chenango County itself (collectively, "Defendants")[1,2] have moved for summary judgment. Dkt. No. 35 ("Motion for Summary Judgment"). This matter now comes before the Court following a Report-Recommendation and Order filed on February 3, 2020 by the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3

---

   [1]  Plaintiff did not allege a first name for Sickmond and Haynes. See Compl.

   [2]  Plaintiff originally named two additional defendants (the Chenango County Sheriff's Office and the Town of Norwich), which the Court dismissed from this action upon sufficiency review of the Plaintiff's complaint. Dkt. No. 13.

concerning Defendants' Motion for Summary Judgment. Dkt. No. 46 ("Report-Recommendation" and "Order").

## II. STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b). However, "where [the] parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) (holding that Congress did not "intend[] to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

The Court may excuse a party's failure to object "in the interests of justice" and modify or reject the report-recommendation if "the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000). Therefore, when no party objects to a magistrate judge's report-recommendation, courts in this circuit review it only to determine whether the magistrate judge made a clear error. Boice v. M+W U.S., Inc., 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015); see also Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Edition ("When no timely

objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## III. DISCUSSION

No objections were filed. Docket. Consequently, the Court has reviewed the Report-Recommendation for clear error and has found none. The Court therefore adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 46) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion for Summary Judgment (Dkt. No. 35) is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: February 27, 2020
Albany, New York

Lawrence E. Kahn
U.S. District Judge